# WILLIAM F. MacLENNAN *vs.* YEE CHONG, BISHOP & COMPANY and CECIL BROWN.

## September 1, 1905.

*Replication—Failure to Make—Motion to Dismiss:* In case of the failure of plaintiff to file replication to the answer within the time allowed by the rule, agreement of counsel setting a day for hearing is, on the part of counsel for defendant, a waiver of his right to have the case dismissed for want of replication.

*Trial on Bill and Answer—Replication Filed Late:* Under such circumstances, the case must go to trial on bill and answer, unless replication, filed during pending proceedings on motion to dismiss, be allowed to stand as filed in time.

*Same—Neglect to Take Advantage of the Rule—Allowance of Further Time:* Long neglect of defendant to take advantage of the rule, where no replication to answer has been filed, may be regarded as a waiver of his right to a dismissal, and a replication filed during proceedings on motion may be allowed.

*Same—Condition of such Allowance:* Such allowance based upon satisfactory showing by plaintiff that hearing on bill and answer alone would be of prejudice to him.

In Equity: Motion to Dismiss.

Robert W. Breckons, Attorney for Plaintiff.

E. M. Watson, Attorney for Yee Chong.

J. J. Dunne, Attorney for Bishop & Co. and Cecil Brown, recognized as Interpleading Plaintiffs.

DOLE, J. In this case, one of interpleader, the court finding upon the original answers that the case was not in a condition to be properly disposed of, directed that an issue of the question of title to the fund in question be formed. New answers were filed by the parties recognized as plaintiffs, to which certain of the parties recognized as defendants demurred. The court allowed the demurrer on one ground as against Bishop & Company, with leave to amend. An amended answer being filed, the said defendants answered, and no replications were filed within the time fixed by the Equity Rules. Thereafter,

counsel for all parties agreed in consultation with the judge of this court, to set the same for hearing on Monday, the 28th of August. The case being called on that day counsel for the parties recognized as plaintiffs asked for a continuance, to which counsel for the said defendants objected, insisting on the hearing being proceeded with, the case having been regularly set for hearing on that day. He then made an oral motion that the case be dismissed, under Equity Rule 66, for failure of the other parties to file replications; which motion was argued and submitted; and on the next day the counsel for plaintiffs filed replications to the defendants' answer.

The agreement to set a day for hearing was unquestionably a waiver on the part of counsel for defendants of his right to have the case dismissed for want of replication, and the motion is denied.

The question remains whether the plaintiffs shall be required to go to trial on the pleadings or allow their replications to stand as filed in time. The Encyclopædia of Pleading and Practice says, on page 686 of the 18th volume, "If the defend-"ant has neglected for a long time to take advantage of the "rule, he will be deemed to have waived his right to a dismissal, "and a further time to reply may be allowed," and refers to the notes to *Sayles v. Erie R. R. Co.*, 2 N. J. L. J., 212, which case I have not been able to find.

The court desires, if possible, to have this case finally disposed of on its merits. If it should refuse to recognize the plaintiffs' replications, they could discontinue and begin over again, which course they would undoubtedly follow if they should consider that a hearing on the pleadings alone would be prejudicial to them.

Counsel for defendants objects to the allowance of any further indulgence to the plaintiffs, and says such allowance would result in injustice to his clients. I do not see how a trial on the merits could result in injustice. There is not apparently any reason for haste, as he only recently arranged for a con-

siderable delay in the proceedings for matters outside of the case.

I will require a showing by the counsel for the plaintiffs, that a hearing on the bill and answer alone would be of prejudice to his clients, and if such showing is sufficient, will allow their replications to stand as properly filed, but if not, the case must be heard on the pleadings.